UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SAM MERRIMAN** | : | **DOCKET NO. 5:22-cv-04254** |
| **VERSUS** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss with Prejudice filed by defendant Allstate Indemnity Company. Doc. 24. Plaintiff did not file an opposition to the motion, so the court will consider it unopposed. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**.

## I.
### BACKGROUND

This case arises from damage to plaintiff's property in Velmont, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley & Associates, PLLC ("MMA") filed this lawsuit in plaintiff's name in this court on August 25, 2022, raising state-law claims of breach of insurance contract and bad faith against defendants. Doc. 1.

Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 15. The Termination Order set an August

15, 2023, status conference, which plaintiff was ordered to attend in person, and the order cautioned plaintiff about the consequences of missing the conference. *Id.* Plaintiff did not appear for the status conference as instructed, nor did he contact the court to explain his absence. Doc. 19. The court therefore dismissed this lawsuit without prejudice due to plaintiff's failure to prosecute and abide by the orders of the court. Doc. 21 (adopting Report and Recommendation, doc. 20). Two months after the case's dismissal, defendant filed the motion currently before the court, asking that the case be dismissed *with* prejudice because plaintiff has not sought reinstatement of the case. Doc. 24, ¶¶ 5–6. Plaintiff has not responded to the motion.

## II.
### LAW AND ANALYSIS

This court's Local Rules require that a memorandum in support of a motion to dismiss cite to the legal authorities that support granting the relief sought. W.D. La. Loc. Civ. R. 7.4. Defendant, however, does not explicitly cite any authority in support of its sought-after relief, and the court will not make assumptions as to defendant's intentions. Moreover, defendant's motion provides no explanation why it would be appropriate for the court to now impose the greater sanction of a dismissal *with* prejudice when the court previously determined that a dismissal *without* prejudice was sufficient. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 (5th Cir. 1992) (providing the standard for dismissal of a case with prejudice for failure to prosecute).

Defendant states plaintiff "has taken no steps to prosecute this matter," but as noted above, this matter has already been dismissed. Defendant provides the court with no explanation why plaintiff would need to take steps to prosecute a dismissed lawsuit and cites no authority to support such a proposition. Defendant's only other reason for seeking this relief seems to be plaintiff's choice not to seek reinstatement of this case within 30 days of the dismissal without prejudice. Doc. 24, ¶¶ 5–6; doc. 24, att. 1, p. 1. However, plaintiff was not ordered to seek reinstatement.

*See* doc. 21 (stating the action *may be* reinstated within 30 days for good cause shown). Thus, the court sees no reason to dismiss this case with prejudice after it has already been dismissed without prejudice.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 24] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of June, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE